O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY MARGARET GUNNESS VALLANDINGHAM,<br><br>            Plaintiff,<br><br>  vs.<br><br>CAROLYN COLVIN, Acting Commissioner of Social Security,<br><br>            Defendant. | Case No. CV 14-4847 RNB<br><br>ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

      Plaintiff filed a Complaint herein on June 23, 2014, seeking review of the Commissioner's denial of her application for a period of disability and Disability Insurance Benefits. In accordance with the Court's Case Management Order, the parties filed a Joint Stipulation on March 13, 2015. Thus, this matter now is ready for decision.[1]

---

      [1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. §

(continued...)

1

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues that plaintiff is raising as the grounds for reversal and remand are as follows:

1. Whether the Administrative Law Judge ("ALJ") properly considered the treating chiropractor's opinions.

2. Whether the ALJ made a proper adverse credibility determination.

3. Whether the ALJ made a proper residual functional capacity ("RFC") determination.

**DISCUSSION**

As discussed hereafter, the Court concurs with the Commissioner that reversal is not warranted based on the ALJ's alleged failure to properly consider the treating chiropractor's opinions. However, the Court concurs with plaintiff that the ALJ failed to provide legally sufficient reasons on which she could properly rely in order to reject plaintiff's subjective symptom testimony. As a result of the Court's finding with respect to that issue, it is unnecessary for the Court to reach the issue of whether the ALJ made a proper RFC determination.

**A.   Reversal is not warranted with respect to the ALJ's consideration of the treating chiropractor's opinions (Disputed Issue One).**

Disputed Issue One is directed to the ALJ's rejection of the opinions of plaintiff's treating chiropractor, Dr. Jeff Tirsch. (See Jt Stip at 2-14.)

In general, only licensed physicians and similarly qualified specialists qualify as acceptable medical sources who can provide evidence to establish a claimant's

---

¹(...continued)
405(g).

impairment. See 20 C.F.R. § 404.1513(a). Chiropractors such as Dr. Tirsch are classified as "other sources" who can provide evidence to show the severity of a claimant's impairment and how it affects his ability to work. See 20 C.F.R. § 404.1513(d)(1). An ALJ may not reject an opinion from an "other source" unless he provides reasons germane to that opinion. See Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012); Turner v. Commissioner of Social Sec., 613 F.3d 1217, 1224 (9th Cir. 2010).[2]

In October 2012, Dr. Tirsch issued two opinions about plaintiff's functional limitations due to her back problems. (See AR 570-78.) In both opinions, Dr. Tirsch opined that plaintiff had sustained a herniated disc injury that limited her to standing or sitting for 15 minutes at a time, that limited her to lifting less than 10 pounds only on rare occasions, and that would render her absent from work more than four days per month. (See id.) The ALJ gave "very little weight" to Dr. Tirsch's opinions for three reasons. The Court finds that, while two of the three reasons were legally insufficient, the error was harmless because the remaining reason was legally sufficient.

One of the reasons proffered by the ALJ was that Dr. Tirsch's opinions concerned an issue reserved to the Commissioner. (See AR 21.) Although the Court concurs that the ultimate issue of disability concerns an issue reserved to the Commissioner, the ALJ still was required to address Dr. Tirsch's opinions to the extent they concerned the severity of plaintiff's impairments and how it affected her ability to work. See 20 C.F.R. § 404.1513(d)(1); Stout v. Commissioner, Social Sec. Admin., 454 F.3d 1050, 1053 (9th Cir. 2006) ("In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability

---

[2] To the extent that plaintiff appears to be arguing that Dr. Tirsch's opinions were entitled to deference because he was an acceptable medical source (see Jt Stip at 4, 33), the Court disagrees because a chiropractor is clearly classified by the Commissioner's regulations as an "other source." See 20 C.F.R. § 404.1513(d)(1).

to work."). Accordingly, the Court finds that this generic reason by itself was non-responsive to the evidence and therefore was not a legally sufficient reason on which the ALJ could properly rely in order to accord very little weight to Dr. Tirsch's opinions.

Another reason proffered by the ALJ was that Dr. Tirsch's opinions were not supported by his own treatment notes, which purportedly reflected that plaintiff had sustained a mere lumbosacral strain and that plaintiff could ambulate effectively and lift 20 pounds with pain medication. (See AR 21; see also AR 194, 561, 565.) However, this was not an accurate summary of Dr. Tirsch's treatment notes, which reflected that plaintiff had also sustained cervicobrachial syndrome and a thoracic spine sprain (see AR 194) and that, to the extent that plaintiff could lift 10-20 pounds with medication, such medication would prevent her from focusing while performing her job (see AR 565). Accordingly, the Court finds that this also was not a legally sufficient reason on which the ALJ could properly rely to accord very little weight to Dr. Tirsch's opinions.

Another reason proffered by the ALJ was that Dr. Tirsch's opinions were "inconsistent with the record on the whole," specifically the opinions of Dr. Kantor and Dr. Wallack, two examining physicians who had found, respectively, that plaintiff had no work restrictions or could perform medium work. (See AR 21; see also AR 295-319, 376-81.) The Court concurs that Dr. Tirsch's opinions were clearly inconsistent with the opinions of the examining physicians, who were acceptable medical sources. Accordingly, the Court finds that this was a legally sufficient reason on which the ALJ could properly rely to accord very little weight to Dr. Tirsch's opinions. See Molina, 674 F.3d at 1112 (ALJ provided germane reason where "other source" opinion was inconsistent with a psychiatrist's opinion, which was entitled to greater weight); Putnam v. Colvin, 586 F. App'x 691, 693 (9th Cir. 2014) (now citable for its persuasive value per Ninth Circuit Rule 36-3) (ALJ provided germane reason to reject "other source" opinion where it was inconsistent with the findings of

four acceptable medical sources); Castle v. Colvin, 567 F. App'x 495, 495 (9th Cir. 2014) (same); Blodgett v. Commissioner of Social Sec. Admin., 534 F. App'x 608, 611 (9th Cir. 2013) (ALJ provided germane reason to reject "other source" opinion that conflicted with acceptable medical source observations); De Herrera v. Astrue, 372 F. App'x 771, 773 (9th Cir. 2010) (ALJ provided germane reasons to reject nurse practitioner's opinion that was rejected by two reviewing physicians and that ran contrary to the weight of the evidence); see generally Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005) (finding germane ALJ's rejection of lay opinion testimony because it was inconsistent with claimant's activities and the objective evidence in the record).

In conclusion, the Court finds that, even if two of the ALJ's three stated reasons in support of her rejection of Dr. Tirsch's opinions were not legally sufficient, the error was harmless because the ALJ's remaining reason was supported by substantial evidence. See Valentine v. Commissioner, Social Sec. Admin., 574 F.3d 685, 694 (9th Cir. 2009) (ALJ's improper rejection of lay testimony of witness because she was an interested party who never saw claimant at work was harmless error because there were other germane reasons for rejecting her testimony); Williams v. Astrue, 493 F. App'x 866, 869 (9th Cir. 2012) (where ALJ provided germane reason to discredit lay witnesses' opinions, "under Valentine the ALJ properly discredited their testimony and the other improper reasons cited by the ALJ for discrediting their lay opinions were harmless.").

**B.  The ALJ failed to make a proper adverse credibility determination (Disputed Issue Two).**

Disputed Issue Two is directed to the ALJ's adverse credibility determination with respect to plaintiff's subjective symptom testimony. (See Jt Stip at 14-28.)

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v.

Heckler, 779 F.2d 528, 531 (9th Cir. 1986). Under the "Cotton test," where the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. See Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see also Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991) (en banc). Here, since the Commissioner has not argued that there was evidence of malingering and that a lesser standard consequently should apply, the Court will apply the "clear and convincing" standard to the ALJ's adverse credibility determination. See Burrell v. Colvin, 775 F.3d 1133, 1136 (9th Cir. 2014) (applying "clear and convincing" standard where the government did not argue that a lesser standard should apply based on evidence of malingering); see also Ghanim v. Colvin, 763 F.3d 1154, 1163 n.9 (9th Cir. 2014) (same).

     Plaintiff alleged that she could not work because of back and neck injuries; anxiety and depression; and digestive problems caused by medications. (See AR 32, 36, 39-40, 61.) Plaintiff testified that on account of her conditions, she would require multiple trips to the restroom, had trouble with focus, could sit for 15-20 minutes at a time in front of a computer, could stand for 15 minutes at a time, and could lift less than 10 pounds. (See AR 40-42.) Plaintiff also stated in a Function Report that her activities included monitoring her bank account, walking her dog, grooming herself, attending doctor's appointments, having lunch with her daughter, watching television, picking up around the house, driving, shopping, and meeting her friends for lunch or dinner. (See AR 163, 165-67.)

     The ALJ determined that although plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, plaintiff's

statements concerning the intensity, persistence, and limiting effects of these symptoms were not credible to the extent they were inconsistent with the ALJ's RFC assessment. (See AR 20.) In support of this adverse credibility determination, the ALJ proffered five reasons. (See AR 20-21.) The Court finds that none of the five reasons constituted a legally sufficient reason.

One of the reasons proffered by the ALJ was that plaintiff's treatment was consistent "with no more than moderate pain levels that are not disabling." Specifically, the ALJ noted that plaintiff had not undergone surgery, had received only a recommendation for physical therapy and pain management, and had taken only Ibuprofen and Norco. (See AR 20.) In general, "evidence of conservative treatment is sufficient to discount a claimant's testimony regarding severity of an impairment," and a prominent example of conservative treatment is use of only over-the-counter pain medication. See Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007); Osenbrock v. Apfel, 240 F.3d 1156, 1166 (9th Cir. 2001) (ALJ properly rejected excess symptom testimony where claimant had not been using a strong Codeine or Morphine based analgesic). Here, however, plaintiff's treatment was not clearly conservative: under the direction of her treating medical sources, plaintiff took at least two prescription pain medications (i.e., Norco and Tramadol); took several other medications for pain and digestive problems; and regularly underwent treatment and physical therapy, which included electrical muscle stimulation, myofascial release techniques, application of ice, manipulative procedures, and exercises. (See, e.g., AR 150, 210, 255, 377, 568.) Because no medical expert characterized this treatment as conservative or incommensurate with plaintiff's subjective symptom complaints, the Court cannot find that the ALJ's lay analysis of plaintiff's treatment as conservative was overwhelmingly compelling. See Burgess v. Astrue, 537 F.3d 117, 129 (2d Cir. 2008) ("The ALJ and the judge may not impose their own respective notion that the severity of a physical impairment directly correlates with the intrusiveness of the medical treatment ordered. . . . A circumstantial critique by non-physicians, however

thorough or responsible, must be overwhelmingly compelling in order to overcome a medical opinion.") (citation and internal quotation marks omitted); Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (ALJ's lay conclusions from the medical evidence were invalid where no medical opinion in the record suggested that claimant's course of treatment was incommensurate with his purported ailment); see generally Scivally v. Sullivan, 966 F.2d 1070, 1077 (7th Cir. 1992) (rejecting ALJ's finding that limitations could not be produced by claimant's documented medical condition because the ALJ did not rely on any medical report or opinion for that finding); Day v. Weinberger, 522 F.2d 1154, 1156 (9th Cir. 1975) (an ALJ is not qualified as a medical expert). Moreover, although the ALJ was correct that plaintiff's treatment did not include surgery, the Court does not find this fact compelling given the type of treatment that plaintiff actually received and given the absence of evidence in the record that surgery would have been the appropriate treatment given the severity of plaintiff's subjective symptom complaints. See Kager v. Astrue, 256 Fed Appx. 919, 923 (9th Cir. 2007) (rejecting ALJ's characterization of claimant's treatment as conservative where she took prescription pain medication, sought and received treatment from massage therapists and physical therapists, regularly performed exercises, and repeatedly sought treatment); see also Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000) (treating physician's recommendation of only physical therapy, hot packs, and EMG testing – rather than surgery or prescription drugs – was not substantial evidence of non-disability because the ALJ was not permitted to substitute his own expertise or view of the medical proof for the treating physician's opinion).

Another reason proffered by the ALJ was that plaintiff's medication side effects (i.e., constipation, diarrhea, and stomach problems) required bathroom breaks 2-3 times per day for 15-20 minutes, but that these breaks could be accommodated during regularly scheduled work breaks and normal allowable use of restrooms during the course of the day. (See AR 21.) However, contrary to the ALJ's characterization

of the record, plaintiff testified that she required breaks more frequently, up to 3-5 times per day for 15-20 minutes at a time (see AR 40). See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998) (rejecting ALJ's rationale for adverse credibility determination when it was "not entirely accurate regarding the content or tone of the record"). Moreover, the ALJ adduced no vocational evidence to support her conclusion that the type of breaks that plaintiff required could be adequately accommodated with regularly scheduled work breaks and normal allowable use of restrooms during the course of the day. Accordingly, the Court finds that this also was not a legally sufficient reason on which the ALJ could properly rely in support of her adverse credibility determination.

Another reason proffered by the ALJ was that claimant was able to perform "a significant range of activities of daily living." Specifically, the ALJ noted that plaintiff could drive her daughter to school and work each day, tidy up her home, care for her dogs, meet friends for lunch, shop, carry her purse in and out of stores, and make a bed. (See AR 21.) Although the ALJ acknowledged that plaintiff reported being able to perform these activities only in 15 minute increments and with help from her family, the ALJ concluded that plaintiff's ability to perform a significant level of activities of daily living was consistent with a light RFC. (See id.) The Court disagrees. Evidence that plaintiff performed some household and social activities on this limited basis – in 15 minute increments and with assistance – does not convince the Court that plaintiff engaged in activities that resembled those necessary for engaging in competitive, full-time employment at the light exertional level. See Ghanim, 763 F.3d at 1165 (claimant's performance of basic chores, sometimes with help, and attendance at occasional social events did not show that claimant engaged activities transferable to a work setting); Smolen, 80 F.3d at 1284 n.7 ("[M]any home activities may not be easily transferable to a work environment where it might be impossible to rest periodically or take medication."); Vertigan v. Halter, 260 F.3d 1044, 1049-50 (9th Cir. 2001) (evidence that claimant did certain

chores that did not consume a substantial part of the day did not detract from her credibility); Cooper v. Bowen, 815 F.2d 557, 561 (9th Cir. 1987) (claimant's ability to assist with some household chores was not determinative of disability).

Another reason proffered by the ALJ was that plaintiff continued working after her work injury in September 2009 and filed a worker's compensation claim. (See AR 22.) However, the Court fails to see how evidence that plaintiff filed a worker's compensation claim undermined plaintiff's subjective symptom testimony. Moreover, the record reflects that plaintiff worked only until November 2009 (or two months after her injury) and was terminated because she could not perform her work duties. (See AR 32.) Evidence of this brief, unsuccessful attempt at employment following plaintiff's injury did not constitute a legally sufficient reason on which the ALJ could properly rely in support of her adverse credibility determination. See Lingenfelter v. Astrue, 504 F.3d 1028, 1039 (9th Cir. 2007) (evidence that claimant tried to work for nine weeks after his injury was not a clear and convincing reason to find claimant not credible).

The sole remaining reason proffered by the ALJ was that plaintiff's subjective symptom complaints were unsupported by the objective medical evidence, specifically: (1) an MRI and x-ray that showed no more than mild to moderate degenerative disc disease; and (2) the opinions of Dr. Kantor and Dr. Wallack. (See AR 20.) However, since the ALJ's other three reasons were legally insufficient to support her adverse credibility determination, this remaining reason cannot be legally sufficient by itself. See Robbins v. Social Sec. Admin., 466 F.3d 880, 884 (9th Cir. 2006) (where ALJ's initial reason for adverse credibility determination was legally insufficient, his sole remaining reason premised on lack of medical support for claimant's testimony was legally insufficient); Light v. Social Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997) ("[A] finding that the claimant lacks credibility cannot be premised wholly on a lack of medical support for the severity of his pain.").

//

**CONCLUSION AND ORDER**

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

Where, as here, a claimant contends that she is entitled to an award of benefits because of an ALJ's failure to properly consider her subjective symptom testimony, the Court applies a three-step framework. See Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1099-1102 (9th Cir. 2014); see also Burrell, 775 F.3d at 1141-42; Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). First, the Court asks whether the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion. Second, the Court determines whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful. Third, if the Court concludes that no outstanding issues remain and further proceedings would not be useful, the Court may find the relevant testimony credible as a matter of law and then determine whether the record, taken as a whole, leaves "not the slightest uncertainty as to the outcome of the proceeding." Treichler, 775 F.3d at 1100-01 (citations omitted). Only when all three elements are satisfied does a case raise the

"rare circumstances" that allow the Court to exercise its discretion to remand for an award of benefits. See id.

Here, the Court finds that the second element has not been satisfied because outstanding issues remain and further administrative proceedings would be useful. Specifically, the most essential factual issue – whether plaintiff is disabled – remains unresolved because the record is unclear and contains conflicting evidence on that issue. As discussed above, the opinions of plaintiff's treating chiropractor were in clear conflict with the opinions of the acceptable medical sources. See id. (remand for award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved") (citation omitted); see also Strauss v. Commissioner of the Social Sec. Admin., 635 F.3d 1135, 1138 (9th Cir. 2011) (same where the record does not demonstrate the claimant is disabled within the meaning of the Social Security Act). Moreover, the Court notes that the record contains no vocational expert testimony reflecting that a person could not work with the limitations described by plaintiff's subjective symptom testimony. See Harman v. Apfel, 211 F.3d at 1172, 1180 (9th Cir. 2000) (remanding for further proceedings in part because there was no testimony from the vocational expert that the limitations established by the improperly discredited evidence would render claimant unable to engage in any work).

Therefore, based on its review and consideration of the entire record, the Court has concluded on balance that a remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) is warranted here. Accordingly, IT

//
//
//
//
//
//

IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.[3]

DATED: March 26, 2015

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[3] It is not the Court's intent to limit the scope of the remand.